IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WHITNEY HUNTER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT. AUTO INS CO. a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a Foreign For-Profit Corporation, an insurer, an entity, and | ) 18 CV 308 JHP - FHM |
| (2) JOHN DOE, a business entity, and | ) |
| (3) JANE DOE, an individual, | ) |
| | ) |
| Defendants. | ) |

**FILED JUN 11 2018 Mark C. McCartt, Clerk U.S. DISTRICT COURT**

## NOTICE OF REMOVAL

The Petitioner, State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant in the above-captioned case, states the following:

### I. INTRODUCTION

1. The above-entitled cause was commenced on March 19, 2018 in the District Court of Tulsa County, entitled *Whitney Hunter v. State Farm Mutual Automobile Insurance Company, a/k/a and/or d/b/a State Farm Mut. Auto Ins. Co., a/k/a and/or d/b/a State Farm Insurance Company, a/k/a and/or d/b/a State Farm, a foreign For-Profit Corporation, an insurer, an entity, and John Doe, a business entity, and Jane Doe, an individual*, Case No. CJ-2018-1210. A copy of Plaintiff's Petition setting forth her claims for relief upon which the action is based is attached hereto and marked Exhibit 1. A copy of the Summons served upon State Farm is attached hereto and marked Exhibit 2. State Farm was served Summons and Petition via service on the Oklahoma

Insurance Department on May 15, 2018. (Summons, Exhibit 2).

2. Plaintiff seeks to recover for alleged breach of an automobile insurance policy and alleged breach of the implied duty of good faith and fair dealing. (Petition, Exhibit 1).

## II. COMPLETE DIVERSITY EXISTS

3. State Farm's principal place of business is in the State of Illinois, and State Farm is incorporated in the State of Illinois. Plaintiff, Whitney Hunter, is a resident and citizen of Tulsa County, State of Oklahoma. (Petition, ¶ 1, Exhibit 1). Thus, complete diversity exists

## III. THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

4. Diversity jurisdiction requires the removing party demonstrate the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In her Petition, "Plaintiff prays for judgment against Defendants in an amount under $75,000, punitive damages, to deter wrongful conduct, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any [sic] all other relief this Court deems just and proper." (Petition, p. 3, Exhibit 1). Plaintiff's prayer does not state that she seeks "under $75,000 [*inclusive*] of punitive damages, to deter wrongful conduct, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any [sic] all other relief this Court deems just and proper." Instead, as phrased, Plaintiff seeks actual damages in an amount "under $75,000," i.e., up to $74,999.99, plus "punitive damages, to deter wrongful conduct, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses." (Petition, p. 3, Exhibit 1). In determining the amount in controversy, the Court must consider punitive damages and attorney's fees. *See Frederick v. Hartford Underwriters Inc. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) ("The preponderance of the evidence standard must be applied to *all damages* counted toward the total

2

amount in controversy, including punitive damages.") (emphasis added); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (a court should consider an award of attorneys' fees in determining amount in controversy). Although State Farm denies Plaintiff's allegations, including Plaintiff's allegations of acts and/or omissions supporting punitive damages, Oklahoma law allows, at the very least, for recovery for punitive damages in an amount not to exceed the greater of $100,000 or the amount of actual bad-faith damages." *See* Okla. Stat. tit. 23, § 9.1(B). Plaintiff alleges that "State Farm ... has improperly denied payment of benefits in breach of its obligations to Plaintiff (Petition, ¶ 29, Exhibit 1); "State Farm ... has failed, refused, and/or neglected to pay the contract benefits" (Petition, ¶ 30, Exhibit 1); "State Farm ... forced Plaintiff to institute this litigation to recover amounts due under the insurance policy" (Petition, ¶ 31, Exhibit 1); "State Farm ... has refused and/or failed to fairly evaluate the injuries sustained by the Plaintiff" (Petition, ¶ 32, Exhibit 1); "State Farm ... has refused and/or failed to fairly and/or reasonably investigate the injuries sustained by Plaintiff" (Petition, ¶ 34, Exhibit 1); "State Farm ... has failed to make good faith offers to settle and pay Plaintiff's claims" (Petition, ¶ 35, Exhibit 1); "State Farm['s] ... actions are in direct violation of 36 O.S. § 1250.5(13)" (Petition, ¶ 37, Exhibit 1); and "State Farm['s] ... actions are in bad faith and contrary to law" (Petition, ¶ 43,Exhibit 1 ). The Court found similar allegations sufficient to "supply the required underlying facts supporting [insurer's] assertion that the value of [plaintiff's] claim for punitive damages exceeds the amount required to surpass the jurisdictional threshold." *See Singleton v. Progressive Direct Ins. Co.*, 49 F.Supp.3d 988, 994 (N.D. Okla. 2014). Additionally, Plaintiff has requested the "[t]he cap for pain and suffering must be lifted because of Defendant's actions and/or omissions as set forth above were in reckless disregard of rights of others. 23 O.S. § 61.2" (Petition, ¶ 46). The "cap" referred to by Plaintiff is

$350,000.00. 23 Okla. Stat. tit. 23, § 61.2(B). The foregoing allegations demonstrate by a preponderance of the evidence that the amount in controversy, as alleged, more likely than not exceeds $75,000 and/or that such amount is in play. *See Hockenbury v. Hanover Ins. Co.*, 2016 WL 54213, *3 (W.D. Okla., January 5, 2016), citing *McPail v. Deere & Co.*, 529 P.3d 947, 954-555 (10th Cir. 2008).

### IV. REMOVAL IS TIMELY AND APPROPRIATE

5. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff's demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by State Farm pursuant to 28 U.S.C. § 1441(a).

6. This Notice of Removal is filed in this Court within thirty (30) days after May 15, 2018, the date State Farm was served with a copy of Plaintiff's Petition, which was the initial pleading setting forth the claims for relief upon which this action is based. (Summons, Exhibit 2).

7. Copies of all process, pleadings, and Orders served upon Defendant, State Farm, have been attached hereto as follows:

   Exhibit 1 - Petition
   Exhibit 2 - Summons
   Exhibit 3 - Motion to Withdraw
   Exhibit 4 - Order Allowing Withdrawal of Counsel

Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 5.

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, prays that this action be removed.

Dated this 11th day of June, 2018.

                              Respectfully submitted,

                              **ATKINSON, HASKINS, NELLIS,**
                              **BRITTINGHAM, GLADD & FIASCO**
                              A PROFESSIONAL CORPORATION

                              */s/ John S. Gladd*
                              John S. Gladd, OBA #12307
                              Andrew G. Wakeman, OBA #21393
                              525 South Main, Suite 1500
                              Tulsa, OK  74103-4524
                              Telephone: (918) 582-8877
                              Facsimile: (918) 585-8096

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for fling and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Samuel T. Perrine
John Paul Truskett
Truskett Law Firm, PLLC
2202 E. 49th Street, Suite 400
Tulsa, OK 74105

                              */s/ John S. Gladd*

DISTRICT COURT
**F I L E D**

MAR 19 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**

WHITNEY HUNTER, an individual,
Plaintiff
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT. AUTO INS CO., a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a Foreign For-Profit Corporation, an insurer, an entity, and JOHN DOE, a business entity, and JANE DOE, an individual,
Defendants

CJ-2018-01210

The Honorable

Caroline Wall

## PETITION

Plaintiff alleges and states as follows:

1. Plaintiff was at all material times a resident of Tulsa County, Oklahoma.
2. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT. AUTO INS CO., a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a Foreign For-Profit Corporation, an insurer, an entity (hereinafter "Defendant State Farm" and/or "Insurance Company"), is a mutual automobile insurance company licensed to do business in Oklahoma.
3. Tortfeasor Beyen was at all material times, on information and belief, a resident of Osage County, Oklahoma.
4. Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.
5. Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.
6. This motor vehicle crash occurred in Tulsa County, OK on about 08/03/2016.
7. This Court has jurisdiction over this matter.
8. Tortfeasor Beyen chose to speed.
9. Tortfeasor Beyen chose to not pay attention while driving.
10. Tortfeasor Beyen chose to follow Plaintiff too closely.
11. Tortfeasor Beyen chose to drive recklessly.
12. Tortfeasor Beyen caused a crash with the Plaintiff.
13. Plaintiff made no improper action.
14. Plaintiff's vehicle had the right of way.
15. Plaintiff's vehicle was towed from the scene.
16. A driver must pay attention while driving.
17. A driver must leave enough clear stopping distance between vehicles.
18. A driver must match speed with traffic conditions.
19. Tortfeasor Beyen violated a safety rule.
20. Tortfeasor Beyen directly caused injuries and damages to Plaintiff.

1


EXHIBIT 1

21. Tortfeasor Beyen was negligent.
22. Tortfeasor Beyen was an underinsured motorist.
23. An insurance company must fairly evaluate claims.
24. On or about 08/03/2016, Defendant State Farm Insurance Company had in full force and effect a policy of automobile insurance and said policy of insurance provided for uninsured motorist coverage.
25. Plaintiff is an insured under the policy of insurance issued by the Defendant insurance company and is entitled to the benefits of the uninsured motorist coverage provided by said policy.
26. That on 08/03/2016, in Tulsa County, Oklahoma the Plaintiff was insured under the policy with State Farm Insurance Company, policy number 383 8486-E20-36, with policy benefits of $25,000.00 per person, $50,000.00 per wreck.
27. Under the terms and conditions of the contract, Defendant State Farm Insurance Company agreed to pay an insured damages as a result of a wreck with an uninsured motorist up to the policy limits.
28. Plaintiff made numerous demands for payment under the contract.
29. Defendant State Farm Insurance Company has improperly denied payment of benefits in breach of its obligations to Plaintiff.
30. Defendant State Farm Insurance Company has failed, refused, and/or neglected to pay the contract benefits.
31. That Defendant State Farm Insurance Company's failure to honor the insurance contract has forced Plaintiff to institute this litigation to recover amounts due under the insurance policy.
32. Defendant State Farm Insurance Company has refused and/or failed to fairly evaluate the injuries sustained by the Plaintiff.
33. Defendant State Farm Insurance Company has refused and/or failed to fairly and/or reasonably evaluate the injuries sustained by the Plaintiff.
34. Defendant State Farm Insurance Company has refused and/or failed to fairly and/or reasonably investigate the injuries sustained by the Plaintiff.
35. Defendant State Farm Insurance Company has failed to make good faith offers to settle and pay Plaintiff's claims under the terms of their insurance policy.
36. By the actions and/or omissions of Defendant State Farm Insurance Company, the Plaintiff have been left with no option for remedy other than filing this lawsuit.
37. Defendant State Farm Insurance Company's actions are in direct violation of 36 O.S. § 1250.5(13).
38. Defendant State Farm Insurance Company's actions are in violation of the terms of Plaintiff's automobile insurance policy.
39. Defendant's actions are in violation of Oklahoma law.
40. Liability is reasonably clear in this crash.
41. Defendant State Farm Insurance Company violated 36 O.S. § 1250.5 (4).
42. As a result of Defendant State Farm Insurance Company's conduct, Plaintiff has suffered economic distress as well as economic loss due to the loss of time, value of money and use of the money damages Plaintiff is entitled to, but denied by Defendant State Farm Insurance Company.
43. Defendant State Farm Insurance Company's actions are in bad faith and contrary to law.

2

44.  As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.

45.  As a direct result of Defendant State Farm Insurance Company's unlawful failure to act in good faith, Plaintiff is entitled to punitive damages.

46.  The cap for pain and suffering must be lifted because of Defendant's actions and/or omissions as set forth above were in reckless disregard of the rights of others. 23 O.S. § 61.2.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount under $75,000, punitive damages, to deter wrongful conduct, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
PRE AND POST-JUDGMENT INTEREST

Respectfully submitted,

Brian D. Carter, OBA # 32370
Samuel T. Perrine, OBA # 32165
John Paul Truskett, OBA # 20550
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com

7712

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
MAY 1 5 2018
Legal Division

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

WHITNEY HUNTER, an individual,
Plaintiff
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,
Defendants

CJ-2018-01210

The Honorable

Caroline Wall

## SUMMONS

To the above-named Defendant: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT. AUTO INS CO., a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a Foreign For-Profit Corporation, an insurer, an entity.

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition within twenty (20) days after the service of this summons upon you exclusive of the day of service. If the summons was served by mail, the answer is due twenty-three (23) days after the summons was mailed. A copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

DON NEWBERRY, Court Clerk
by_____
Court Clerk

by_____ 3-19-18
Deputy Court Clerk

(SEAL)

___Certified Mail
___Sheriff
___Special Process Server

Attorney(s) for Plaintiff:
Name        Address                                    Telephone Number

John Paul Truskett, Truskett Law Firm PLLC 2202 E. 49th St., Ste. 400 Tulsa, OK 74105 918-392-5444

This summons was served on_____(date of service), and you must answer the petition within twenty (20) days after this date.

_____
Signature of person serving summons

EXHIBIT
2

1



**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**FILED**

APR - 2 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| WHITNEY HUNTER, an individual,<br>Plaintiff<br>v.<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br>Defendants | | CJ-2018-1210<br><br>The Honorable Judge Caroline Wall |

## MOTION TO WITHDRAW

Plaintiff's attorney, Truskett Law Firm, PLLC, hereby moves the Court for an order allowing to withdraw Ryan S. Wiehl as attorney of record for the Plaintiff in the above-styled case. Samuel T. Perrine and Truskett Law Firm, PLLC advises the Court Ryan Wiehl is no longer with the Truskett Law Firm, PLLC and will no longer represent the Plaintiff.

Withdrawal will not affect the Plaintiff, as Plaintiff is still represented by John Paul Truskett, Samuel T. Perrine, and Truskett Law Firm, PLLC.

WHEREFORE, premises considered, Truskett Law Firm, PLLC, respectfully requests this Court enter an Order allowing substitution and withdrawal of counsel of record in this case.

Respectfully submitted,



Samuel T. Perrine, OBA # 32165
John Paul Truskett, OBA # 20550
Truskett Law Firm, PLLC
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
Office # 918-392-5444
Fax # 918-856-3676
john@truskettlaw.com

**EXHIBIT 3**



**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**




DISTRICT COURT
**FILED**
APR - 5 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| WHITNEY HUNTER, an individual,<br>Plaintiff<br>v.<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br>Defendants | CJ-2018-1210<br><br>The Honorable Judge Caroline Wall |

### ORDER ALLOWING WITHDRAWAL OF COUNSEL

THIS MATTER comes before the Court on this 5th day of April, 2018 on the Motion to Withdraw Ryan S. Wiehl as attorney of record. After considering the Motion, and for good cause shown, this Court hereby GRANTS THE MOTION.

IT IS SO ORDERED, ADJUDGED, and DECREED that Ryan S. Wiehl be removed as counsel of record for Plaintiff.

IT IS SO ORDERED, ADJUDGED, and DECREED that Plaintiff is still represented by John Paul Truskett, Samuel T. Perrine, and Truskett Law Firm, PLLC.

_Caroline Wall_
JUDGE OF THE DISTRICT COURT

EXHIBIT
4



# OKLAHOMA
### State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

WHITNEY HUNTER,
    Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
d/b/a STATE FARM, and
JOHN DOE;
JANE DOE;
    Defendant.

No. CJ-2018-1210
(Civil relief more than $10,000: BAD FAITH INSURER LIABILITY)

Filed: 03/19/2018

Judge: Wall, Caroline

## PARTIES

HUNTER, WHITNEY, Plaintiff
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| CARTER, BRIAN D (Bar #32370)<br>TRUSKETT LAW FIRM PLLC<br>2202 E 49TH STREET<br>SUITE 400<br>TULSA, OK 74105 | HUNTER, WHITNEY |
| TRUSKETT, JOHN PAUL (Bar #20550)<br>TRUSKETT LAW FIRM PLLC<br>2202 EAST 49TH ST<br>STE 400<br>TULSA, OK 74105 | HUNTER, WHITNEY |
| WIEHL, RYAN STEVEN (Bar #32893)<br>TRUSKET LAW FIRM PLLC<br>2202 EAST 49TH STREET<br>SUITE 400<br>TULSA, OK 74105 | |

EXHIBIT 5

# EVENTS

None

# ISSUES

'or cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**  Issue: BAD FAITH INSURER LIABILITY (INSURE)
Filed By: HUNTER, WHITNEY
Filed Date: 03/19/2018

| Party Name | Disposition Information |
|---|---|
| **Defendant:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 03-19-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 03-19-2018 | INSURE | BAD FAITH INSURER LIABILITY | | | |
| 03-19-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.0( |
| 03-19-2018 | PFE1 | PETITION<br>Document Available (#1038972690) TIFF  PDF | | | $ 163.0( |
| 03-19-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.0( |
| 03-19-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.0( |
| 03-19-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.5! |
| 03-19-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.0( |
| 03-19-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.0( |
| 03-19-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.0( |
| 03-19-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.1( |
| 03-19-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.4! |
| 03-19-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.2: |
| 03-19-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.7! |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 03-19-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 03-19-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 03-19-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 03-19-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 03-19-2018 | SMIP | SUMMONS ISSUED - PRIVATE PROCESS SERVER | | | |
| 03-19-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE WALL, CAROLINE TO THIS CASE. | | | |
| 03-19-2018 | ACCOUNT | RECEIPT # 2018-3731089 ON 03/19/2018. PAYOR: TRUSKETT LAW FIRM PLLC TOTAL AMOUNT PAID: $ 242.14. LINE ITEMS: CJ-2018-1210: $173.00 ON AC01 CLERK FEES. CJ-2018-1210: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2018-1210: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2018-1210: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2018-1210: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2018-1210: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2018-1210: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2018-1210: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2018-1210: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2018-1210: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2018-1210: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 04-02-2018 | MO | MOTION TO WITHDRAW Document Available (#1039834260) 📄TIFF 📄PDF | | HUNTER, WHITNEY | |
| 04-05-2018 | CTFREE | WALL, CAROLINE; GRANTED/ORDER ALLOWING WITHDRAWAL OF COUNSEL; (RYAN WIEHL) | | | |
| 04-05-2018 | O | ORDER ALLOWING WITHDRAWAL OF COUNSEL Document Available (#1040083633) 📄TIFF 📄PDF | | | |